E. R. KAUFMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. E. R. KAUFMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12811, 12812. Promulgated January 12, 1928.

*Victor Canfield, Esq.*, for the petitioners.
*Brice Toole Esq.*, for the respondent.

**OPINION.**

Morris: The respondent in his answer admits that salaries of State officials and salaries and wages of employes of a State are not liable to income tax under the Revenue Act of 1921, and that the position of attorney to the tax collector of any parish in the State of Louisiana is created by statute and the attorney is a regular State em-

ploye as defined by regulations issued by authority of the Revenue Act of 1921. The statement attached to the deficiency letter gives as the reason for including the compensation in question in income that "no part of the fee was earned prior to the termination of the suit and since you (E. R. Kaufman) did not hold the office of attorney for the tax collector at the time the suit was concluded and the fee was earned."

We can not agree with the respondent's reason for the inclusion of the compensation in income. The evidence is clear that during E. R. Kaufman's tenure of office as attorney to the tax collector of Calcasieu Parish, a suit was instituted by the Union Sulphur Co. against said collector; that as his attorney the statute required him to defend the suit. After having represented the collector up to and during the presentation of the evidence, he was succeeded in office by an appointee of a newly elected governor. He subsequently argued the case, however, and was given the statutory fee. His compensation was not determined by any contract entered into for that particular case, but was received for services which he started to perform and almost concluded admittedly as an employe of a State, and which he did furnish by reason of such prior employment. We can not agree with respondent's position that no part of the fee was earned prior to the termination of the suit. The decision of the court merely fixed the amount of the compensation. All the services were performed, except the argument of the case, during petitioner's tenure of office. In view of the respondent's admission, the facts presented do not warrant the narrow interpretation contended for by him.

The respondent advances the additional ground for the denial of the exemption to Mrs. Kaufman that the rule of the exemption of salaries of employes of a State has no application to her as she did not receive such income for services rendered as an employe of a political subdivision of the State of Louisiana. This contention is based upon an erroneous conception of community income. The earnings of the husband from personal services become immediately a part of the community. Any exemption from taxation in relation to those earnings immediately attaches to the total amount, and whatever right the wife may have to report one-half thereof can not affect its taxable status and convert into taxable income that which was exempt when it came into the community. In view of the respondent's admission and our conclusion, based thereon, that the compensation in question was exempt when it came into the community, one-half thereof is not made subject to tax on respondent's ruling that petitioners may file returns on a community property basis.

Reviewed by the BOARD.

*Judgment will be entered for the petitioners on 15 days' notice, under Rule 50.*